IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YU LUO<br><br>                Plaintiff,<br><br>         v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>                Defendants. | Civil Action No. 1:24-cv-01977<br><br>Judge: Honorable Mary M. Rowland<br><br>Magistrate Judge: Honorable David M. Weisman |

## AOCAN'S MOTION FOR MANDATORY JOINDER UNDER FEDERAL RULE OF CIVIL PROCEDURE 19(a)(2)(i)

AOCAN ("AOCAN"), by and through its undersigned counsel, hereby files this Memorandum of Law in support of its Motion to join this case as a third-party defendant under Fed. R. Civ. Proc. 19(a)(2)(i), as follows:

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

On or about January 11, 2023, Plaintiff filed a U.S. Design Patent Application which matured into U.S. Patent D1,012,683 entitled "SHELF BRACKET" ("the '683 Patent") on January 30, 2024.

On March 8, 2024, Plaintiff filed a "Schedule "A"" case against several foreign defendants for allegedly infringing the '683 Patent, and moved for a temporary restraining order and asset freeze on defendants' Amazon accounts on March 12. (ECF 7.) The Court granted the TRO on March 15, requiring Plaintiff to post a $30,000 bond ($1,000 per defendant). Plaintiff's counsel then served the TRO on Amazon, along with a spreadsheet containing the Seller ID and product number, or "ASIN," for each defendant—which Amazon typically requires to process injunctions.

On March 8, 2024, Plaintiff filed another Schedule A case in the U.S. District Court in

1

the Middle District of Florida (Tampa) for patent infringement based on the '683 Patent. *See* 8:24-cv-00615-TPB-CPT. The court granted a TRO on March 29, and the case is currently ongoing.

AOCAN received an email from Amazon stating that pursuant to the TRO issued in "**Case No. 24-cv-01977**," "your listings and your disbursements from your seller account have been placed on hold."

> Hello from Amazon,
>
> We are writing to inform you that we removed some of your listings and your disbursements from your seller account have been placed on hold. We took this action in accordance with a Temporary Restraining Order issued by a federal court. Items that infringe another party's copyright, patent, trademark, design right, database right, or other intellectual property or other proprietary right are prohibited. For more information on this policy, search on "Prohibited Content" in seller Help. To resolve this dispute, we suggest that you contact the rights owner directly:
>
> DeWitty And Associates
> admin@dewittyip.com
> nblanco@dewittyip.com
> Case No. 24-cv-01977
>
> If you resolve this matter with the rights owner, please advise them to contact us to withdraw their complaint.
> Please be advised that we are not in a position to provide any further information regarding this action, nor to address any messages directed to us in appeal. We may not respond to further emails about this issue.
> Failure to comply with our policies may result in the removal of your Amazon.com selling privileges.
> We appreciate your cooperation.
>
> Listings Removed: B0CNLB2JNX, B0CNLBVSQT, B0CNL9KCQS, B0CNLBW3TR, B0CNLBH5MX, B09DSZ3LFW, B09DT1BTJ5, B09DSZBBXT, B09SH8XVNK, B0CLRFVQ1P, B0CP7QXW43, B0CP7QVCYH, B0CP7PCM8B, B0CP7RGV7R
> Thank you,

*See* Exhibit A.

As a direct result of the TRO, Amazon delisted AOCAN's products for at least fourteen days, resulting in a total loss of revenue in the amount of approximately $56,000.

On April 10, Plaintiff filed a motion for preliminary injunction, which is currently under advisement by the Court. ECF 34.

On April 11, 2024, AOCAN, naturally believing it was a party in this case based on Amazon's notice, answered Plaintiff's Complaint and asserted two counterclaims. ECF 37.

During an April 12 status conference, the Court vacated the TRO, stating this was not a proper Schedule A case, and ordered Plaintiff to direct Amazon and the other platforms to lift the holds on all the defendants' accounts. The Court also ordered the documents, including the Schedule A, to be unsealed. ECF 45.

**Only then did AOCAN discover it was never listed in the Schedule "A," and was never technically a party in this case to begin with--**notwithstanding the fact that Amazon indisputably froze AOCAN's account pursuant to the March 15 TRO, which led it to assume the opposite. Plaintiff apparently represented to Amazon that AOCAN was subject to the TRO in this case. In short, AOCAN's account should have never been frozen pursuant to the TRO because Plaintiff never properly named AOCAN as a defendant.

## LEGAL STANDARD

Rule 19 of the Federal Rules of Civil Procedure, concerning the required joinder of parties, ensures that all parties with an interest in an action are joined in the litigation. At any time during the suit, a court may determine that an absent party has a specific interest that requires its presence in the dispute. The purpose of Rule 19 is to "permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Moore v. Ashland Oil, Inc.,* 901 F.2d 1445, 1447 (7th Cir.1990). Rule 19(a) states:

> **(a)** Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if
>
> **(1)** in the person's absence complete relief cannot be accorded among those already parties, or
>
> **(2)** the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may

3

> **(i)** as a practical matter impair or impede the person's ability to protect that interest or
>
> **(ii)** leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

Fed. R. Civ. P. 19(a).

## APPLICATION

As an initial matter, the Court has federal subject matter jurisdiction to hear patent disputes, so joining another defendant will not deprive the Court of jurisdiction. Further, AOCAN has a specific interest relating to the subject matter of this action, namely to seek compensation for the improper restraint on its Amazon account. The record indicates that Plaintiff, when serving the TRO on Amazon, included AOCAN's name, Amazon Seller ID, and ASIN in the production request, thereby misrepresenting that the TRO applied to AOCAN, when it obviously did not. Again, Plaintiff never listed AOCAN in the Schedule A, who was never a party to begin with.

And as a practical matter, AOCAN's ability to seek compensation for the wrongful restraint would be impaired or impeded if it is not allowed to join this case. By requesting Amazon to freeze AOCAN's account, Plaintiff went beyond the scope of the TRO and forced AOCAN into this action. It is only right that AOCAN be allowed the opportunity to defend itself against the claims of patent infringement and obtain relief for the clearly improper restraint. Requiring AOCAN to file a separate lawsuit against Plaintiff for the damages caused by the improper injunction would be a waste of judicial resources, when this Court is

already familiar with the facts underlying the TRO. Finally, Plaintiff, apparently under the mistaken assumption that AOCAN is already a named defendant in this suit, has given every indication that it will simply continue to advance its claims for patent infringement in this Court, regardless whether AOCAN is a properly named defendant or not.

## CONCLUSION

For the above reasons, AOCAN respectfully requests to be joined as a third-party Defendant under Fed. R. Civ. Proc. 19(a)(2)(i).

Dated: April 18, 2024                                             Respectfully submitted,

/s/Xiyan Zhang
Xiyan Zhang
STRATUM LAW LLC
2424 E. York St. Ste. 223
Philadelphia, PA, 19125
xzhang@stratumlaw.com
Counsel for AOCAN

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2024, a copy of the foregoing document was filed electronically through the Court's CM/ECF NextGen system with notice of filing automatically sent electronically to counsels of record.

Dated: April 18, 2024                                     Respectfully submitted,

/s/Xiyan Zhang
Xiyan Zhang
STRATUM LAW LLC
2424 E. York St. Ste. 223
Philadelphia, PA, 19125
xzhang@stratumlaw.com
Counsel for AOCAN